### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**BANK OF AMERICA, N.A.**                                           **PLAINTIFF**

**v.**                          **CASE NO. 5:10CV05220 BSM**

**JB HANNA, LLC;**
**KERZEN PROPERTIES;**
**BURT HANNA; and**
**HANNA'S CANDLE COMPANY**                                    **DEFENDANTS**

## <u>ORDER</u>

Defendant Burt Hanna moves for an award of $619,490.50 in attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2). [Doc. No. 214]. Plaintiff Bank of America, N.A. objects [Doc. No. 238] and also moves for an award of its fees in the amount of $2,275,415.40. [Doc. No. 219]. Hanna's motion is granted in the amount of $415,058.63 and Bank of America's motion is denied.

## I. BACKGROUND

This dispute arose out of several loans made by Bank of America to Burt Hanna and several of his businesses. Bank of America filed its original complaint on November 10, 2010, alleging breach of contract, foreclosure of rents, turnover, and breach of guaranty. Hanna answered on December 7, 2010, and filed a counterclaim alleging fraud, breach of contract, breach of fiduciary duty, deceptive trade practices, rescission, and reformation. Hanna's counterclaims were dismissed on summary judgment, and Bank of America's claims were tried to a jury over seven days beginning on June 18, 2012. Nine separate breach of contract issues were submitted to the jury, and the jury returned a verdict in favor of Hanna

on all claims.

Hanna now moves for his attorney's fees pursuant to Arkansas Code Annotated section 16-22-308, which permits an award of fees to the prevailing party in a breach of contract action. Bank of America objects, arguing that Hanna is not a prevailing party for purposes of the statute considering that all of Hanna's counterclaims, which sought $37,000,000 in damages, were dismissed before trial. Alternatively, it contends that the majority of Hanna's fees were related to the counterclaims. Hanna replies that he ultimately prevailed in the litigation as evidenced by the judgment entered in his favor. He also asserts that his counterclaims were not dismissed on the merits, but rather because they were time-barred, and that, in fact, the factual bases for his counterclaims were also the bases for his affirmative defenses to Bank of America's claims.

Bank of America also moves for an award of fees, contending that this was a simple contract case that Hanna made unnecessarily complex with scorched earth litigation tactics. It further contends that each of the loans at issue contained express attorney's fees provisions and that those terms should be enforced for Hanna's failure to perform under the contracts.

## II. DISCUSSION

Hanna's fee request is granted in the amount of $415,058.63 because Hanna is the prevailing party, and Bank of America's fee request is denied because it was not the prevailing party.

A.     Hanna's Fee Petition

State law governs petitions for attorney's fees in diversity cases. *Lamb Engineering*

2

& *Const. Co. v. Nebraska Public Power Dist.*, 103 F.3d 1422, 1434 (8th Cir. 1997). Under Arkansas law, a court may award reasonable fees to the prevailing party in a breach of contract case. Ark. Code Ann. § 16-22-308. Such an award is not required; however, it is instead left to the discretion of the trial court. *Perry v. Baptist Health*, 238 Ark. 114, 116 (2006). To guide this discretion, the Arkansas Supreme Court has articulated a variety of factors to be considered, including: (1) experience and ability of the attorneys; (2) time and labor required to perform the legal service; (3) amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (4) the fee customarily charged in the locality; (5) whether the fee is fixed or contingent; (6) the time limitations imposed on the client; and (7) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

Hanna's fee petition is supported by itemized billing records indicating that Hanna incurred $619,490.50 in legal fees as a result of this litigation. The following are factors weighing in favor of granting Hanna's fee petition. The $265 hourly fee charged by Hanna's counsel, Tim Brooks and Jeff Moore, is reasonable based on the complexity of the case, their years of experience, and their ability as demonstrated in their filings and in their court appearances.  The time and labor required to perform the services provided by counsel, as demonstrated in the billing records, is somewhat reasonable but includes work performed in support of Hanna's unsubstantiated counterclaims.  Finally, the fees requested are reasonable given the dollar amount in dispute and the results Hanna obtained.

Weighing against Hanna's petition for fees is the fact that a substantial amount of time

3

was spent by counsel pursuing counterclaims that proved unfruitful.  Based on a review of the records and an assessment of the in-court time and chambers time expended in reviewing and ruling on Hanna's counter-claims, it is determined that 1/3 of the time spent by counsel was in preparing and pursuing Hanna's unfruitful counterclaims.  For these reasons, Hanna's fee request is reduced by $204,431.87 and Hanna is awarded attorney's fees in the amount of $415,058.63.

B.      Bank of America's Fee Petition

Bank of America's motion for attorney's fees is denied because it did not ultimately enforce its rights under the contracts.

Although Bank of America successfully defended against Hanna's numerous counterclaims, only one of those counterclaims sounded in contract. The breach of contract counterclaim asserted that Bank of America was required to refrain from declaring a default for an improper purpose, to refrain from accelerating for an improper purpose, and to refrain from assessing default rates of interest without cause or justification. Summary judgment was granted in favor of Bank of America on this claim; consequently, it was the prevailing party under Ark. Code Ann. § 16-22-308. Bank of America, however, did not provide a list of time and money spent defending against this counterclaim. Therefore, it is not possible to determine the amount of fees properly allocable.

Bank of America's principal argument, however, is not based on the Arkansas statute, but on the fact that the loan agreements contain provisions requiring Hanna to pay Bank of America's reasonable fees and costs in enforcing its rights under the agreements. The

4

question is not whether those provisions are valid and enforceable, but whether the outcome of this litigation, a total defense verdict, triggers the right to repayment. Importantly, the provisions do not contain "prevailing party" language. Instead, they provide as follows:

> If at any time or times hereafter Lender engages legal counsel for advice or other representation to enforce the rights of Lender against Borrower under the Loan Documents upon occurrence of an Event of Default . . . then all reasonable fees and expenses advanced of such legal counsel and all litigation costs . . . shall constitute a part of the Obligations and be payable on demand.

The undersigned can find no authority for the proposition that a contractual attorney's fees provision is enforceable in favor of a party that ultimately "lost" the litigation over that contract, even though the provision itself does not require that party to "win."

Here, Bank of America sued to enforce several contracts and "lost" on each contract. Notwithstanding the lack of legal authority for the position that a lender can sue a borrower, lose, and still recover fees, it would seem patently unfair and illogical to force Hanna to pay Bank of America's fees incurred in the unsuccessful enforcement of its rights under the contracts. Although the bank certainly acted in good faith throughout this litigation, if it were held that a lender could recover any fees incurred in any litigation—regardless of the result—lenders with less integrity would have incentive to sue their borrowers for any or no reason at all. Accordingly, Bank of America's motion for attorney's fees is denied.

## III. CONCLUSION

For the reasons set forth above, Hanna's motion for attorney's fees [Doc. No. 214] is granted in the amount of $415,058.63, and Bank of America's motion for attorney's fees [Doc. No. 219] is denied.

IT IS SO ORDERED this 28th day of August 2012.

UNITED STATES DISTRICT JUDGE